IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WOODS COVE II, LLC, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil No. |
| | * |
| ALICE G. PINDERHUGHES, Personal | * |
| Representative of the Estate of Joseph L. | * |
| Russ, *et al.*, | * |
| | * |
| Defendants. | * |

\*\*\*\*\*

MEMORANDUM OF LAW IN SUPPORT OF
UNITED STATES' MOTION TO DISMISS

Defendant United States of America has moved to dismiss the complaint. For the reasons that follow, the motion should be granted.

I. FACTS

On or about May 21, 2014, plaintiff Woods Cove II, LLC filed an action in the Circuit Court for Baltimore City, Case No. 24-C-14-003195, to foreclose the rights of redemption of real property known as 2228 W. North Ave., Baltimore, Maryland 21216.

On September 12, 2014, the Office of the United States Attorney received a copy of *Writ of Summons (Redemption)*, *Complaint to Foreclose Rights of Redemption*, and other papers. As of this filing, however, the Office of the United States Attorney has no information to confirm that process has been served on the Attorney General of the United States and a federal government agency.

The *Complaint to Foreclose Rights of Redemption* names the United States of America as a defendant. Because it appears the United States may have an interest or claim in the property as a

judgment creditor or a lien holder, the United States removed the action from the Circuit Court for Baltimore City to this Court. The United States now moves for dismissal of this action.

II. ARGUMENT

The United States is immune from suit except as it consents to be sued. With regard to the federal government and its instrumentalities, sovereign immunity is presumed and cannot be overcome without an express and unequivocal statutory waiver. *Lane v. Pena*, 518 U.S. 187, 190 (1996). Further, any statutory waiver is strictly construed, with all ambiguities resolved in favor of the sovereign. *Id.*

The jealous protection of the sovereign from suit is deeply rooted in the common law, see *Chisholm v. Georgia*, 2 U.S. (2 Dall.) 419, 437–47, 1 L.Ed. 440 (1793) (Iredell, J., tracing the doctrine of sovereign immunity forward from the time of Edward I), and has been considered a part of the plan of our Constitution since before its ratification. In arguing for the Constitution's organization of the judicial branch, Alexander Hamilton wrote that "[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent," *Research Triangle Institute v. Board of Governors of the Federal Reserve System*, 132 F.3d 985 (4th Cir. 1997), *citing*, The Federalist No. 81, at 511 (Alexander Hamilton) (Benjamin F. Wright ed., 1961) (emphasis original), and further inferred from this precept that "[t]he contracts between a nation and individuals are only binding on the conscience of the sovereign, and have no pretensions to a compulsive force." *Id.* Justice Holmes reaffirmed the doctrine of sovereign immunity "not because of any formal conception or obsolete theory, but on the logical and practical ground that

there can be no legal right as against the authority that makes the law on which the right depends." *Kawananakoa v. Polyblank*, 205 U.S. 349, 353 (1907).

More recently, the Supreme Court emphasized the strict requirements for a waiver of this immunity, stating that such a waiver "must be unequivocally expressed in [the] statutory text," Lane, 518 U.S. at 190, and that, as stated above, "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* In addition, the Court has also interpreted this broad measure of protection as extending not only to more traditional governmental entities, but to all agencies of the federal government. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

Congress waived sovereign immunity for quiet title actions in 28 U.S.C. § 2410. It provides:

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
> (1) to quiet title to,
> (2) to foreclose a mortgage or other lien upon,
> (3) to partition,
> (4) to condemn, or
> (5) of interpleader or in the nature of interpleader with respect to,
> real or personal property on which the United States has or claims a mortgage or other lien.
>
> (b) <u>The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed.</u> … .

28 U.S.C. § 2410(a), (b) (emphasis added). By its terms, § 2410 requires that in all instances the complaint "***shall*** set forth with particularity the nature of the interest or lien of the United States." In tax cases, more is required. *Id.*

Courts have not hesitated to dismiss complaints that fail to identify the federal interest with specificity. *City Bank of Anchorage v. Eagleston*, 110 F. Supp. 429, 430 (D. Alaska 1953). *See also United States v Cabral*, 2008 WL 4911902, at *4 (E. D. Cal.) (original and amended complaints dismissed for failure to allege facts with specificity); *Davis v. United States*, 2000 WL 246277 (D.R.I.) (failure to allege a lien fatal to effort to vest jurisdiction under § 2410); *Clark v. United States*, 760 F. Supp. 664, 665 (W.D. Mich. 1991) (same). Indeed, in *Cabral*, the court rejected the argument that Mr. Cabral did not have the ability to access necessary records in order to plead with specificity. "The Quiet Title Act affords no exception for a pleading party's failure to procure the relevant liens, which are readily available public records." *Id.* at *5.

Here, the complaint fails to allege the nature of the federal judgment lien and certainly fails to allege any of the further facts required, such as: "the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed." 28 U.S.C. § 2410. In fact, no complaint or other filing has been served on the United States with such allegations.

Further, however, even if plaintiff's complaint alleges the nature of the federal interest, the complaint to foreclose a right of redemption under Maryland law is not an action as to which sovereign immunity is waived under § 2410. *Kasdon v. United States*, 707 F.2d 820, 822-823 (4th

4

Cir. 1983), *affirming*, *Kasdon v. G.W. Zierdon Landscaping*, 541 F. Supp. 991 (D. Md. 1982) (Kaufman, J.).   Judge Kaufman's opinion, which the Fourth Circuit adopted, comprehensively analyzed the interplay of complaints to foreclose rights of redemption under Maryland law and the waiver of sovereign immunity under § 2410.   Judge Kaufman held that such suits were not suits to quiet title, and that therefore 28 U.S.C. § 2410(a)(1) did not apply.   Judge Kaufman then held that in order for § 2410(a)(2) to apply – the waiver of sovereign immunity for foreclosure actions – the foreclosure action would have to be a "judicial sale."   Citing 28 U.S.C. § 2410(c).   Section 2410(c) modifies § 2410(a)(2): "However, an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale."   Proceedings to foreclose a right of redemption after a tax sale, Judge Kaufman held and the Fourth Circuit affirmed, do not constitute a "judicial sale."   541 F. Supp. at 996-997.

Even if the complaint did allege such facts to invoke 28 U.S.C. § 2410 because it proceeds from proceedings to foreclose a right of redemption under a tax sale in Maryland, sovereign immunity has not been waived.

## III. CONCLUSION

The complaint should be dismissed with prejudice.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


_____
Allen F. Loucks
Assistant United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201
410-209-4800
Allen.Loucks@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2014 a copy of the foregoing *United States' Motion to Dismiss, Memorandum of Law in Support thereof*, and proposed *Order*, was sent first-class, postage-prepaid to:

Shannon Menapace, Esquire
Lien Servicing, LLC
P.O. Box 159
Phoenix, MD 21131
*Attorney for Plaintiff*

ALICE G. PINDERHUGHES
Personal Representative of the Estate of Joseph L. Russ
2228 W. North Avenue
Baltimore, MD 21216
*Defendant*

ALICE G. PINDERHUGHES
Personal Representative of the Estate of Joseph L. Russ
201 N. Charles Street, Suite 1600
Baltimore, MD 21201
*Defendant*

Mayor and City Council
Edward Gallagher
Director of Finance
100 N. Holliday Street, Suite 469
Baltimore, MD 21201
*Defendant*

Mayor and City Council
George Nilson, City Solicitor
100 N. Holliday Street, Suite 101
Baltimore, MD 21201
*Defendant*

_____
Allen F. Loucks
Assistant United States Attorney